IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>TP-LINK TECHNOLOGY CO., LTD,<br><br>Defendant. | CASE NO. 6:20-cv-01018<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Plaintiff" or "Brazos"), by and through its attorneys, files this Complaint for Patent Infringement against defendant TP-LINK Technology Co., Ltd. ("Defendant" or "TP-Link") and hereby alleges as follows:

### I.   NATURE OF ACTION

1.   This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, including §§ 271, 281, 283, 284, and 285. This action is brought to end Defendant's unauthorized and infringing manufacture, use, sale, offering for sale, and/or importation of methods and products incorporating Brazos's patented invention.

2.   Brazos is the owner of all rights, title, and interest in and to US Patent No. 7,447,767 (the "'767 Patent" or the "Patent") including all rights to recover for all past and future infringement thereof.

3.   Upon information and belief, Defendant has been and currently is infringing, contributing to the infringement of, and/or inducing the infringement of Brazos's Patent, by,

1

among other things, making, using, selling, importing, and/or offering for sale, within the territorial boundaries of the United States and the State of Texas, products that are covered by one or more claims of Brazos's Patent and inducing such conduct by others.

4. Defendant manufactures, provides, sells, offers for sale, imports, and/or distributes Infringing Products (as defined herein) and services; and/or induces others to make and use of its Infringing Products and services in an infringing manner; and/or contributes to the making and use of Infringing Products and services by others, including its customers, who directly infringe the Patent.

## II.   THE PARTIES

5. Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development is a limited liability corporation organized and existing under the laws of Delaware, with its principal place of business at 605 Austin Avenue, Suite 6, Waco, Texas 76701.

6. Upon information and belief, Defendant TP-LINK Technology Co., Ltd. is a corporation organized and existing under the laws of China, with a place of business located at South Building, No. 5 Keyuan Road, Science and Technology Park, Nanshan District, Shenzhen, Peoples Republic of China.

7. TP-LINK Technology Co., Ltd. may be served with process by serving the Texas Secretary of State, James E. Rudder Building, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because it engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas as required by statute. This action arises out of that business.

8. Defendant manufactures and distributes electronics. Defendant, either itself and/or through the activities of its subsidiaries or agents, makes, uses, sells, offers for sale, and/or imports

throughout the United States, including within this District, computer networking products that infringe the '767 Patent, defined below.

### III.   JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a). Alternatively, this Court has jurisdiction over Defendant under Fed. R. Civ P. 4(k)(2) ("Federal Claim Outside State-Court Jurisdiction").

10. This Court has specific and general personal jurisdiction over TP-Link pursuant to due process and/or the Texas Long Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.042, because (1) TP-Link has committed and continues to commit acts of patent infringement, including acts giving rise to this action, within the State of Texas and this Judicial District; (2) TP-Link has committed and continues to commit acts of patent infringement in the State of Texas, including making, using, offering to sell, and/or selling Accused Products in Texas, and/or importing Accused Products into Texas, inducing others to commit acts of patent infringement in Texas, and/or committing at least a portion of any other infringements alleged herein.

11. The Court's exercise of jurisdiction over TP-Link would not offend traditional notions of fair play and substantial justice because TP-Link has established minimum contacts with the forum. For example, on information and belief, TP-Link has committed acts of infringement in this Judicial District, directly and/or through intermediaries, by, among other things, making, using, offering to sell, selling, and/or importing products and/or services that infringe the Asserted Patent, as alleged herein. TP-Link has purposefully and voluntarily placed infringing products into the stream of commerce by shipping infringing products through established distribution channels into the State of Texas, knowing or expecting that the Infringing Products would be shipped into Texas.

12. Upon information and belief, TP-Link has continuous and systematic business contacts with the State of Texas. TP-Link, directly and/or through affiliates and/or intermediaries, conducts its business extensively throughout the State of Texas, by shipping, importing, manufacturing, distributing, offering for sale, selling, and/or advertising its products and services in the State of Texas and this Judicial District. TP-Link interacts with subsidiaries, distributors, resellers and/or customers who sell the infringing products into Texas, knowing or expecting that these subsidiaries, distributors, resellers and/or customers will then sell the Infringing Products into the State of Texas, either directly or through intermediaries.

13. Venue in the Western District of Texas is proper pursuant to 28 U.S.C. §§ 1391(c)(3) which provides that "a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants."

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b). TP-Link has transacted business in this Judicial District and has committed acts of direct and indirect infringement in this Judicial District by, among other things, importing, offering to sell, and selling products that infringe the Patent.

15. Upon information and belief, TP-Link designs, manufactures, uses, imports into the United States, sells, and/or offers for sale in the United States products that infringe the Asserted Patent, directly and or through intermediaries, as alleged herein. TP-Link markets, sells, and/or offers to sell its products and services, including those accused herein of infringement, to actual and potential customers and end-users located in the State of Texas and in this Judicial District, as alleged herein.

## COUNT ONE
## INFRINGEMENT OF U.S. PATENT NO. 7,447,767

16. Brazos re-alleges and incorporates by reference the preceding paragraphs 1-15 of this Complaint.

17. On November 4, 2008, the U.S. Patent & Trademark Office duly and legally issued U.S. Patent No. 7,447,767, entitled "System for use in a communications network management system for automatic management of network plant."

18. Brazos is the owner of all rights, title, and interest in and to the '767 Patent, including the right to assert all causes of action arising under the '767 Patent and the right to any remedies for the infringement of the '767 Patent.

19. For example, claim 14 of the '767 Patent states:

A method of managing management data of an object plant of a communications network wherein the object plant includes a management information base (MIB) containing a value of a field and associated with an MIB definition including a corresponding and accessible in the network management system, the method comprising:

causing at least one automatic descriptor to designate the object plant using first data designating a plurality of types of plant including the type of the object plant when the object plant joins the communication network,

and to designate the MIB definition associated with the type of the object plant using second data, and, in the event of designation of the type of the object plant, to access the corresponding field the MIB definition associated with the type of the object plant; and

delivering third data representative of the value of the field contained in the MIB of the object plant.

20. TP-Link's Accused Products meet every limitation of claim 14 of the '767 Patent, as well as other claims of the '767 Patent.

21. TP-Link makes, uses, sells, offers for sale, imports, and/or distributes in the United States, including within this Judicial District, networking products such as High-Speed Cable Modems, wireless routers, ADSL, range extenders, routers and switches, and other devices like IP

cameras, powerline adapters, print servers, media converters, wireless adapters, power banks, mobile phones, and SMART home technology devices.

22.  TP-Link makes, uses, sells, offers for sale, imports, and/or distributes in the United States, including within this Judicial District, products that use a standards-based management tool to centrally manage switches supporting the SNMP protocol as well as the managed switches, including but not limited to TP-Link's tpNMS and TP-Link's Managed Switches such as the JetStream Gigabit L2 Managed Switches of the T2500G-10TS, T2600G-18TS, T2600G-28SQ, etc. series and all products that operate in a substantially similar manner (collectively, the "Accused Products").

23.  Specifically, TP-Link Network Management System (tpNMS) is a standards-based management tool used to centrally manage TP-Link Managed Switches. tpNMS manages switches supporting Simple Network Management Protocol (SNMP).

24.  The TP-Link Network Management System (tpNMS) is centralized management software used to discover, monitor and configure TP-Link Managed Switches (i.e., object plants) using a web browser. TP-Link instructs the user regarding managing object plants with TP-Link's tpNMS software as follows:

> The tpNMS (TP-Link Network Management System) is a centralized management software that allows you to discover, monitor and configure your TP-Link Managed Switches using a web browser. Follow the steps below to complete the basic settings of the tpNMS.

[1]

25.  Additionally, tpNMS is available for download in the USA as demonstrated below:

---

[1] https://static.tp-link.com/1910012005_tpNMS_V1_User%20Guide.pdf, p. 8.


[2]

26. The Accused Products use TP-Link's tpNMS to manage switches supporting Simple Network Management Protocol (SNMP). TP-Link instructs user regarding managing switches as follows:

[3]

27. TP-Link's tpNMS host and switches are connected via a VPN tunnel as demonstrated below:


[4]

---

[2] https://www.tp-link.com/us/support/download/tpnms/#Network_Management_Software, p. 1.
[3] https://www.tp-link.com/ca/business-networking/accessory/tpnms/, p. 1.
[4] https://www.tp-link.com/us/support/faq/1150/, p. 2.

28.  TP-Link provides managed switches such as the JetStream Gigabit L2 Managed Switches of the T2500G-10TS, T2600G-18TS, T2600G-28SQ, etc. series. TP-Link advertises the certain of the Accused Products as follows:


[5]

29.  The Accused Products support the SNMP protocol. The SNMP system comprises an SNMP Manager, an SNMP agent and a Management Information Base (MIB). Further, the SNMP Manager is part of a network management system, like tpNMS, while the agent and MIB are part of a managed device such as TP-Link Managed Switches (i.e., object plant). TP-Link instructs the user regarding configuring the SNMP system as follows:


[6]

30.  Object plant includes a management information base (MIB) containing a value of a field.

31.  An SNMP agent runs on a device like a TP-Link managed switch (i.e., object plant). The SNMP agent (i.e., management information base) contains MIB objects (i.e., fields) such as

---

[5] https://www.tp-link.com/us/business-networking/managed-switch/, p. 1.
[6] https://usermanual.wiki/Tp-Link/ConfiguringSnmpRmon.1084365955.pdf, p. 2.

8

the rate for packet loss, rate of incoming/outgoing traffic, etc. The SNMP manager can get the values of MIB objects from the SNMP agent.

32. TP-Link instructs the user regarding device management using the SNMP system as follows:

> **SNMP Agent**
> An SNMP agent is a process running on the managed device. It contains MIB objects whose values can be requested or changed by the SNMP manager. An agent can send unsolicited trap messages to notify the SNMP manager that a significant event has occurred on the agent.

[7]

> **SNMP Manager**
> The SNMP manager uses SNMP to monitor and control SNMP agents, providing a friendly management interface for the administrator to manage network devices conveniently. It can get an MIB objects values from an agent or store a value of MIB object into the agent. Also, it receives notifications from the agents so as to learn the condition of the network.

[8]

33. Object plant includes a MIB containing a value of a field and associated with a MIB definition accessible in the network management system.

34. SNMP MIB is a collection of definitions (i.e., MIB definition) that define the properties of the managed object within the device.

35. SNMP agents running on the managed device contain MIB objects values. Each object is addressed by an Object Identifier (OID). When any fault occurs at any object in the device, the agent sends a trap message alerting the manager about the fault. Each trap has an object identifier (OID) corresponding to the object. These OIDs can only be perceived by the SNMP manager if the MIB for that trap (i.e., MIB definition) has been loaded into it.

36. The method practiced by the Accused Products comprises causing at least one automatic descriptor to designate the object plant using first data designating a plurality of types of plants including the type of the object plant when the object plant joins the communication

---

[7] *See id,* p. 3.
[8] *See id,* p. 2.

network, and to designate the MIB definition associated with the type of the object plant using second data, and, in the event of designation of the type of the object plant, to access the corresponding field the MIB definition associated with the type of the object plant.

37. For example, TP-Link's tpNMS management software is capable of discovering the devices in a network. tpNMS supports auto-discovery as follows:

| Link Discovery | Ethernet link discovery with LLDP protocol |
| --- | --- |
| Auto Discovery | Supports scheduled and periodic auto discovery |
| Device Synchronize | System resynchronization with device table |

[9]

38. To ensure the switches can be managed and discovered by the tpNMS host, the switches must be configured to send SNMP traps to the IP address of the tpNMS host. SNMP traps are messages sent to the SNMP manager when an issue needs to be reported.



[10]

39. To schedule a discovery, tpNMS uses a single IP/an IP range, device name, SNMP template, and Telnet template to discover devices.

---

[9] https://www.tp-link.com/la/business-networking/accessory/tpnms/#specifications, p. 1.
[10] https://static.tp-link.com/1910012005_tpNMS_V1_User%20Guide.pdf, p. 11.

10

> The discovery profile can filter the devices that tpNMS can detect. tpNMS can discover devices by a single IP or in an IP range, device name, SNMP template and Telnet template.
>
> To obtain the monitoring statistics from the target switch, you should configure the SNMP-related function in the target switch, and configure the SNMP Template in this section the same with the settings in the target switch.[11]

40. Schedule Basic Information must be filled out in order to execute a discovery. This includes fields like Discovery IP type (Single IP or IP Range) and Device IP (target device's IP address or IP address range, i.e., first data). The discovery schedule can also be configured to Unscheduled or Recurrent. Hence, device discovery will take place when a new object plant joins the network. Once the details are filled in, the user must execute the discovery, during which the tpNMS identifies the attributes associated with the devices discovered and they are displayed in a tabular form. The table also includes the Device Type (i.e., Object Plant Type).

41. TP-Link instructs the user regarding executing a discovery as follows:

[12]

42. Discovered devices and their attributes are then displayed (including Device Type):

---

[11] *See id.*, p. 26.
[12] *See id.*, p. 27.

11


[13]

43.     The method practiced by the Accused Products comprises designating the MIB definition associated with the type of the object plant using second data, and, in the event of designation of the type of the object plant, to access the corresponding field the MIB definition associated with the type of the object plant.

44.     The MIB definition associated with the type of the object plant is designated using a second data.

45.     For example, TP-Link's tpNMS employs auto-discovery. After the execution of a discovery process, tpNMS identifies the attributes associated with the devices discovered and they are displayed in a tabular form. The attributes include the device type (i.e., object plant type).

46.     Different devices will have different MIB objects associated with it. In case any significant event occurs at any of these objects, the device SNMP agent will forward a trap message alerting the SNMP manager about the fault. Each trap has a unique OID. Corresponding MIB definitions (i.e., second data) for that trap must be loaded into the SNMP manager for it to be able to translate the OID sent by the device through traps.

---

[13] *See id.*, p. 33.

47. The method practiced by the Accused Products comprises delivering third data representative of the value of the field contained in the MIB of the object plant.

48. SNMP manager is a part of tpNMS. SNMP manager receives notifications from the SNMP agent in the managed device. SNMP manager can also store a value of MIB object into the SNMP agent in the managed device.

> **SNMP Manager**
> The SNMP manager uses SNMP to monitor and control SNMP agents, providing a friendly management interface for the administrator to manage network devices conveniently. It can get an MIB objects values from an agent or store a value of MIB object into the agent. Also, it receives notifications from the agents so as to learn the condition of the network.

[14]

49. SNMP messages are exchanged between the agent and the manager. These messages can be in the form of GetRequest, GetNextRequest, SetRequest, Response, Trap, etc. SetRequest is sent by the SNMP manager to set the value of an object instance (value of the field contained in the MIB of the object plant i.e., third data) on the SNMP agent.

50. The SNMP manager delivers the value of the field contained in the MIB of the object plant to the SNMP agent in the managed device. When the agent sends a response to the SetRequest, the response will contain the newly set value as confirmation that the value has been set.

51. GetRequest and Response messages are exchanged between SNMP manager and SNMP agent:

---

[14] https://usermanual.wiki/Tp-Link/ConfiguringSnmpRmon.1084365955.pdf, p. 2.


[15]

52. TP-Link has received notice and actual or constructive knowledge of its infringement of the '767 Patent no later than the date of service of this Complaint.

53. Since at least the date of service of this Complaint, through its actions, TP-Link has actively induced product makers, distributors, retailers, and/or end users of the Accused Products to infringe the '767 Patent throughout the United States, including within this Judicial District, by, among other things, advertising and promoting the use of the Accused Products in various websites, including providing and disseminating product descriptions, operating manuals, and other instructions on how to implement and configure the Accused Products. Examples of such advertising, promoting, and/or instructing include web advertising, user guides, and support forum postings.

54. TP-Link was and is aware that the normal and customary use by end users of the Accused Products infringes the '767 Patent. TP-Link's inducement is ongoing.

55. Brazos has suffered damages as a result of TP-Link's direct and indirect infringement of the '767 Patent in an amount adequate to compensate for TP-Link's infringement, but in no event less than a reasonable royalty for the use made of the invention by TP-Link, together with interest and costs as fixed by the Court.

---

[15] https://usermanual.wiki/Tp-Link/ConfiguringSnmpRmon.1084365955.pdf, p. 2.

56. Defendant continued to make, use, sell and/or import Infringing Products, to induce others to engage in such conduct, and/or to contribute to others engaging in such conduct despite knowing that its actions constituted infringement of a valid patent.

57. Accordingly, Defendant acted egregiously and/or knowingly or intentionally when it infringed the '767 Patent.

### IV.   JURY DEMAND

58. Plaintiff Brazos hereby demands a jury on all issues so triable.

### V.   REQUEST FOR RELIEF

WHEREFORE, Plaintiff Brazos respectfully requests that the Court:

(a) enter judgment that TP-Link infringes one or more claims of the '767 Patent literally and/or under the doctrine of equivalents;

(b) enter judgment that TP-Link has induced infringement and continues to induce infringement of one or more claims of the '767 Patent;

(c) enter judgment that TP-Link has contributed to and continues to contribute to the infringement of one or more claims of the '767 Patent;

(d) award Brazos damages, to be paid by TP-Link in an amount adequate to compensate Brazos for such damages, together with pre-judgment and post-judgment interest for the infringement by TP-Link of the '767 Patent through the date such judgment is entered in accordance with 35 U.S.C. § 284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. § 284;

(e) declare this case exceptional pursuant to 35 U.S.C. § 285; and

(f) award Brazos its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

Dated: October 31, 2020  Respectfully submitted,

By: /s/ *Raymond W. Mort, III*
Raymond W. Mort, III
Texas State Bar No. 00791308
**THE MORT LAW FIRM, PLLC**
100 Congress Avenue
Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 677-6825
Email: raymort@austinlaw.com

Adam G. Price
Texas State Bar No. 24027750
Christopher V. Goodpastor
Texas State Bar No. 00791991
Gregory S. Donahue
Texas State Bar No. 24012539
**DINOVO PRICE LLP**
7000 N. MoPac Expressway
Suite 350
Austin, Texas 78731
Telephone: (512) 539-2626
Facsimile: (512) 539-2627
Email: aprice@dinovoprice.com
cgoodpastor@dinovoprice.com
gdonahue@dinovoprice.com

**ATTORNEYS FOR PLAINTIFF WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT**